PAUL LaGRASSA, Plaintiff-Appellee, v. LOUIS PANOZZO, SR., Defendant-Appellant.

First District (5th Division)   No. 87—264

Opinion filed March 25, 1988.

Richard J. Troy, of Chicago, for appellant.

George J. Van Emden, of Chicago (Van Emden, Busch & Van Emden, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendant, Louis Panozzo, Sr., appeals from a judgment of the circuit court of Cook County in favor of plaintiff, Paul LaGrassa, based upon an Industrial Commission award entered pursuant to section 19(g) of the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(g)), and the denial of his motion to dismiss the action. On appeal, defendant contends that: (1) plaintiff, "having elected one remedy [a common law negligence action] *** may not seek another [an action filed pursuant to the Act]" and his filing of both actions constituted forum shopping; and (2) the trial court erred in failing to apply the doctrine of *res judicata* to bar the action from which defendant appeals. For the reasons set forth below, we affirm.

In 1984, defendant leased a small retail store in a building owned by him to John Herschel, who planned to go into business with plaintiff. In preparing the store for business, plaintiff was installing some paneling when defendant came into the store and offered to help him. While plaintiff was holding a piece of paneling, an electric saw which defendant was operating "moved forward" and the blade severed certain portions of plaintiff's fingers. Plaintiff was taken to a hospital and underwent surgery on his fingers. Subsequently, plaintiff and defendant entered into an agreement whereby defendant agreed to pay plaintiff $3,000 as compensation for any negligence on his part and plaintiff executed a release for same.

Notwithstanding this agreement, plaintiff later filed a claim with the Industrial Commission alleging that an employment relationship existed between the parties at the time of his injury. While that action was pending, plaintiff also filed a common law negligence action against defendant in the circuit court of Cook County, seeking damages in excess of $15,000.

On June 19, 1985, an *ex parte* hearing was held before an arbitrator designated by the Commission, defendant's counsel having failed

to appear or defend. After the arbitrator filed his decision with the Commission on June 25, defendant sought a review of the decision before the Commission, alleging denial of due process. The Commission subsequently conducted a hearing and defendant argued before it that plaintiff's settlement release barred his action under the Act. On September 18, 1986, the Commission entered its decision in plaintiff's favor, but allowed defendant a credit of $3,000 against its award to plaintiff. The Commission's decision was based on the following findings:

"1. *** Respondent [defendant] had notice of the hearing on Arbitration and an opportunity to be heard and therefore was not denied due process. Because Respondent failed to show good cause for his failure to appear and defend his case, the Commission relies on Petitioner's [plaintiff's] unrebutted evidence in deciding this case."

The Commission further found, contrary to defendant's brief explanation of the parties' relationship described in his appellate brief, as follows:

"2. On February 24, 1980, Petitioner was a 34 year old laborer *working* as part of a crew remodeling buildings *for Respondent.* Respondent was engaged in the business of purchasing apartment buildings, repairing and remodeling them, and leasing them out. *Respondent paid Petitioner* $20.00 per day or $100.00 per week and a room in which to live. Based on Petitioner's unrebutted testimony, the Commission finds that an employment relationship existed between Petitioner and Respondent on the date of the accident." (Emphasis added.)

Defendant did not pursue an appeal of the Commission's decision within the statutory 20-day period after receipt of notice of the decision, and the Commission subsequently certified a true and correct copy of its decision. On October 17, plaintiff filed an application for entry of judgment in accordance with the decision of the Commission in the circuit court. On October 21, the court in which plaintiff's negligence action was pending (Judge Thomas Rakowski presiding) granted a motion filed by defendant to dismiss the action, finding that "the release attached to said motion is a full release barring the instant case and injury." Subsequently, on December 1, a hearing on plaintiff's application for entry of judgment was held (Judge Earl Arkiss presiding) at which time the court heard arguments of counsel and also considered a motion to dismiss filed by defendant based upon the ground that Judge Rakowski's order dismissing plaintiff's negligence action was a bar to the case before it. On December 23, Judge

Arkiss denied defendant's motion to dismiss and entered judgment in favor of plaintiff. This appeal followed.

On appeal, defendant argues in his appellate brief that plaintiff's filing of actions with the Industrial Commission *and* in the circuit court constituted forum shopping, since plaintiff was pursuing two remedies inconsistent with each other (*i.e.*, in his action before the Commission plaintiff stated he was an employee of defendant, whereas in the action filed in the circuit court, he "impliedly" asserted he was not an employee of defendant). Defendant also argues that *res judicata* and/or "estoppel by verdict" barred plaintiff's action for entry of judgment on the Commission award. During oral argument, however, defendant focused his argument on the additional contention that plaintiff's initial $3,000 recovery of damages pursuant to the parties' settlement agreement barred him from a "second" recovery of damages under his workers' compensation claim.

Plaintiff, on the other hand, contends that he was not precluded from filing both actions; that the parties' $3,000 settlement did not constitute recovery of damages under plaintiff's negligence action and, therefore, the Commission award does not constitute a second recovery; that the Commission's award was *res judicata* of defendant's motion to dismiss his action for entry of judgment on the award based on the finality of the Commission's decision prior to Judge Rakowski's dismissal of his negligence action; and that, in any event, defendant's failure to appeal the Industrial Commission award within 20 days after notice of its decision barred him from raising a defense, other than fraud, to the entry of judgment by the trial court on the Commission's award. We agree with plaintiff.

■ We first observe that, contrary to defendant's forum shopping/election of remedies argument, "there is nothing to prevent a cautious employee who has a pending workmen's compensation claim from also filing a common law action, *if he is uncertain of his ground for recovery*, so as to toll the statute of limitations, [although] he cannot recover payments from the employer under both actions." (Emphasis added.) (*Rhodes v. Industrial Comm'n* (1982), 92 Ill. 2d 467, 471, 442 N.E.2d 509.) Defendant contended during oral argument, however, that whether plaintiff was an employee of defendant could be ascertained by plaintiff based upon whether he received a "check/salary" from defendant and, therefore, no uncertainty existed as to whether he was an employee.

■ We find defendant's argument unpersuasive, especially in light of the clear conflict in defendant's depiction of plaintiff merely as a potential partner of a business client to whom he had leased a

store and plaintiff's description of himself, which the Industrial Commission accepted, as a member of a crew employed by defendant in remodeling buildings. Accordingly, whether plaintiff was an employee of defendant was not as "certain" as defendant contends. We therefore cannot say that plaintiff "knew" with certainty that the Industrial Commission would rule that he was an employee of defendant. Under these circumstances, plaintiff thus was not precluded from filing two separate actions in seeking redress of his injury.

■ We also reject defendant's argument that the Commission's award constituted an impermissible *second* recovery of damages since plaintiff had already received $3,000 in settlement of his negligence claim. Section 23 of the Workers' Compensation Act concerning settlements between an employer and employee provides:

> "No employee * * * shall have power to waive any of the provisions of this Act in regard to the amount of compensation which may be payable to such employee, * * * *except after approval by the Commission* and any employer, * * * who shall enter into any payment purporting to compromise or settle the compensation rights of an employee, * * * *without first obtaining the approval of the Industrial Commission* * * * shall be barred from raising the defense of limitation in any proceedings subsequently brought by such employee * * *." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 138.23.)

In light of the above, therefore, the $3,000 settlement between the parties, which clearly was not approved by the Commission, could not limit plaintiff's recovery under the Act and the Commission correctly found that the settlement was not a defense to plaintiff's claim but only a credit against its award to plaintiff. Accordingly, there were not two recoveries of damages for the same injury; the settlement did not constitute a separate recovery but, instead, represented a *portion* of the Commission's ultimate award to plaintiff.

Additionally, we note that the cases relied upon by defendant in support of this proposition are inapplicable to the instant case, *i.e., Witham v. Mowery* (1987), 161 Ill. App. 3d 322, 514 N.E.2d 531, and *Rhodes v. Industrial Comm'n* (1982), 92 Ill. 2d 467, 442 N.E.2d 509. In *Witham*, the court held that a worker was not barred from maintaining a common law tort action, after filing an action under the Workers' Compensation Act, where he had not yet recovered any compensation under the Act. In *Rhodes*, the court held that where an employee initiates a common law action for an injury and receives payment from his employer *as a result of such suit*, he is disqualified from obtaining an award under the Workmen's Compensation Act.

Here, we find *Witham* in fact supports plaintiff's position that he was not precluded from filing a common law action and a claim with the Commission, since he had not received any compensation under his workers' compensation claim prior to filing his common law negligence action; the $3,000 settlement was not approved by the Industrial Commission and therefore was not made pursuant to his claim under the Act. *Rhodes* is distinguishable because, unlike the situation there, the $3,000 settlement here was not made and received by plaintiff *as a result of or in settlement of* plaintiff's common law negligence suit; it was received prior to the filing of plaintiff's common law action and therefore did not arise as a result thereof.

In light of the foregoing, we therefore hold that the $3,000 settlement was neither a separate recovery nor a recovery in lieu of plaintiff's workers' compensation award.

■■ We also find defendant's *res judicata* argument without merit. "The doctrine of *res judicata* or estoppel by judgment provides that a former adjudication on the merits by a court of competent jurisdiction constitutes an absolute bar to a second adjudication where there is identity of parties, subject matter and cause of action." (*Village of Northbrook v. County of Cook* (1980), 88 Ill. App. 3d 745, 749, 410 N.E.2d 925.) Here, defendant contends that the dismissal of plaintiff's negligence action on October 21, 1986, barred entry of the judgment in the instant case on December 23 and, therefore, the trial court erred in failing to apply the doctrine of *res judicata* at that time. Plaintiff, on the other hand, contends that the Commission's decision, which was entered on September 18, 1986, became final 20 days thereafter (October 8) and thus was prior in time to the trial court's order dismissing plaintiff's negligence action.

■■ Resolution of this issue requires a determination of when the Commission's decision became *final.* Section 19(f)(1) of the Workers' Compensation Act provides as follows:

"(f) The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section *shall*, in the absence of fraud, *be conclusive unless reviewed as in this paragraph hereinafter provided.* ***

(1) ***

A proceeding for review shall be commenced *within 20 days of the receipt of notice of the decision of the Commission.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)(1).)

We believe no interpretation of the above provisions is warranted other than that once the 20-day review period has passed, the Commission's decision is conclusive/final, absent fraud. We further note

that, in fact, our supreme court has held that "failure to file for writ of *certiorari* within the requisite 20-day period deprives the circuit court of jurisdiction to review a Commission decision" (*Chambers v. Industrial Comm'n* (1985), 132 Ill. App. 3d 891, 893, 478 N.E.2d 498, citing *George Young & Sons, Inc. v. Industrial Comm'n* (1977), 66 Ill. 2d 220, 362 N.E.2d 1040) and, thus, there is no question that the decision of the Commission is final at that time. Accordingly, since the Commission's decision became final on October 8, 20 days after defendant received notice of the decision and failed to file an appeal in the circuit court, we find the Commission's decision was *res judicata* of defendant's motion to dismiss entry of judgment on the award, as well as plaintiff's negligence action and Judge Rakowski's order of October 21. Additionally, based on the foregoing, defendant's failure to appeal the decision barred him from raising any defenses to entry of the judgment.

For the foregoing reasons, therefore, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ, P.J., and SULLIVAN, J., concur.