JONATHON E. CASHMORE, Plaintiff-Appellant, v. BUILDERS SQUARE, INC., sometimes known as Builders Square, *et al.*, Defendants-Appellees.

Second District   No. 2—91—0123

Opinion filed April 5, 1991.

14

Richard J. Smith, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellant.

Glen E. Amundsen and Judith A. Chapman, both of Querrey & Harrow, Ltd., of Waukegan, for appellee.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Jonathon Cashmore, appeals from the circuit court of Lake County's dismissal of his complaint against defendants, Builders Square, Inc., K mart, Mark Jorgenson and Robert Adams (hereinafter collectively referred to as Builders Square), seeking compensation for an injury sustained when Cashmore was an employee of Builders Square. The circuit court ruled, pursuant to section 2—619(a)(9) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1989, ch. 110, par.

2—619(a)(9)), that Cashmore's common-law action could not be maintained because he had recovered for his injury pursuant to the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*).

At issue on appeal is: (1) whether Builders Square should be judicially estopped from arguing that Cashmore's injury is covered under the Act when it took the opposite position in the proceeding on the workers' compensation claim; and (2) whether the circuit court properly dismissed Cashmore's complaint on the basis that he had recovered under the Act.

Cashmore's injury occurred on September 26, 1986, at the Builders Square store in Waukegan, Illinois. Cashmore was riding a forklift down from the top of a high shelf unit when two of his fingers were partially amputated. In his complaint filed September 21, 1988, Cashmore alleged that his injury was proximately caused by Builders Square's various acts of negligence.

In his November 4, 1988, response to Builders Square's request to admit facts and genuineness of documents, Cashmore admitted that he had filed a worker's compensation claim with the Illinois Industrial Commission (the Commission) to recover for the same injury forming the basis of the instant suit. Cashmore admitted that Builders Square had paid his medical bills and had also paid him an additional $3,274.28. Cashmore did not admit that these payments were made pursuant to Builders Square's obligations under the Workers' Compensation Act. Cashmore admitted the authenticity of the memorandum of decision prepared by the arbitrator in Cashmore's case before the Commission.

The memorandum recited the arbitrator's decision that Cashmore was entitled to receive $120 per week for a period of 274⁴/₇ weeks in compensation for his temporary total incapacity. The memorandum further noted that Cashmore had been paid the sum of $3,274.28 "on account of this injury." The handwritten addendum to the memorandum of decision states, in pertinent part, as follows:

"Clearly the aforesaid accident occurred during the course of [Cashmore's] employment by [Builders Square], but just as clearly, [Cashmore] failed to prove that this accident arose out of that employment. Claim for compensation is denied."

Based on Cashmore's admissions, Builders Square filed a motion pursuant to section 2—619(a)(9) of the Code seeking dismissal of Cashmore's common-law action based on benefits he received "as a result of" his workers' compensation claim. Citing *Rhodes v. Industrial Comm'n* (1982), 92 Ill. 2d 467, 442 N.E.2d 509, and *Collier v.*

*Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N.E.2d 198, Builders Square argued that Cashmore's recovery of benefits pursuant to the Workers' Compensation Act precluded him from maintaining a common-law action to recover for the same injury.

In response to the motion to dismiss, Cashmore noted that the decision of the Commission arbitrator was not *res judicata* because both parties had appealed from it and no final decision had yet been rendered by the Commission. Included with Cashmore's response were copies of the parties' petitions for Commission review of the arbitrator's decision. Cashmore also maintained that any benefits he had received from Builders Square were not pursuant to any agreement to settle his rights under the Act. Such payments, Cashmore contended, do not constitute an admission of coverage under the Act. See Ill. Rev. Stat. 1989, ch. 48, pars. 138.8(a)(3), (b)(7).

The circuit court denied Builders Square's section 2—619(a)(9) motion to dismiss Cashmore's complaint. The record contains no report of proceedings corresponding to this order.

On February 14, 1989, Cashmore filed a motion pursuant to section 2—611 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—611) seeking sanctions against Builders Square for allegedly taking inconsistent positions in the circuit court, where it argued that the injury was compensable under the Act, and before the Commission, where it argued the opposite position.

Builders Square filed its response and affirmative defense to Cashmore's complaint on March 28, 1989. In addition to denying Cashmore's allegations of negligence, Builders Square contended that, because Cashmore had "received benefits paid under the Worker's [*sic*] Compensation Act," Cashmore could not recover in his common-law action. On October 20, 1989, Cashmore filed a motion to strike Builders Square's affirmative defense. Cashmore contended that Builders Square should be estopped from arguing that Cashmore's exclusive remedy was under the Workers' Compensation Act when it had argued before the Commission that the Act did not apply.

On December 8, 1989, Builders Square filed a second motion to dismiss Cashmore's complaint pursuant to section 2—619(a)(9) of the Code. Acknowledging that a virtually identical motion had been denied on December 22, 1988, Builders Square noted that, since that time, Builders Square had voluntarily dismissed its appeal of the arbitrator's decision.

On January 30, 1990, the circuit court denied Cashmore's motion to strike the affirmative defense and granted Builders Square's motion to dismiss. The complaint was dismissed with prejudice "due to

the [e]xclusivity provision" of the Act. (See Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a).) Again, there is no report of proceedings in the record.

After his motion for reconsideration of the order of dismissal was denied, Cashmore appealed to this court. We dismissed the appeal for want of jurisdiction because *Cashmore*'s section 2—611 motion had been left unresolved by the circuit court. (*Cashmore v. Builders Square, Inc.* (1990), 207 Ill. App. 3d 267, 565 N.E.2d 703.) The circuit court subsequently entered an order denying *Cashmore*'s section 2—611 petition, and defendant has timely appealed.

■ We first examine Cashmore's contention that Builders Square should be judicially estopped from arguing that Cashmore's injury was covered under the Act when the exact opposite position was argued before the Commission. The doctrine of judicial estoppel, which precludes a party from adopting inconsistent positions in separate legal proceedings, is designed to promote the truth by preventing litigants from deliberately shifting positions to suit the exigencies of the moment. (*Mijatov v. Graves* (1989), 188 Ill. App. 3d 792, 796, 544 N.E.2d 809.) However, the doctrine only operates against a party who was successful in asserting the first position and received some benefit in the first proceeding. *Galena Park Home v. Krughoff* (1989), 183 Ill. App. 3d 206, 208, 538 N.E.2d 1366.

■ Here, as we will discuss more fully below, the nature of the arbitrator's decision makes it unclear whether Builders Square's original position was successfully argued in the proceedings before the Commission. Accordingly, judicial estoppel does not apply here.

■ Cashmore's next argument is that the circuit court should not have dismissed his complaint when the Commission had not yet made a final determination of his eligibility for benefits under the Act. Section 2—619(a)(9) of the Code provides for the dismissal of a plaintiff's complaint where it is barred by some affirmative matter avoiding the legal effect of or defeating the claim. Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9).

■ Here, the affirmative matter presented by Builders Square was Cashmore's purported recovery for his injury pursuant to the Act. It is not clear, however, that Cashmore has or will recover benefits in his proceeding before the Commission. An employee's injury is not compensable under the Act unless it arises out of, and in the course of, the employment. (*Paganelis v. Industrial Comm'n* (1989), 132 Ill. 2d 468, 481, 548 N.E.2d 1033.) The phrases, "in the course of," and, "arising out of," are used conjunctively in the statute; both elements must be present at the time of the accidental injury in order

to justify compensation. *Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 44-45, 509 N.E.2d 1005.

In the instant case, the arbitrator found that, while Cashmore proved that his injury occurred "in the course of" his employment, he "failed to prove that it arose out of that employment." This finding arguably indicates that Cashmore's injury would not be covered by the Act. (See *Orsini*, 117 Ill. 2d at 45, 509 N.E.2d at 1008.) However, the memorandum of the arbitrator's decision recites that Cashmore was entitled to receive $120 per week for 27$^{4}$/7 weeks for temporary total incapacity, indicating that Cashmore prevailed. Whether it was the result of the arbitrator's miscomprehension of the law or just a scrivener's error, the memorandum of decision appears to be internally inconsistent. The parties also disagree as to what was intended by the arbitrator's decision. Thus, it is impossible to determine on this record which party prevailed.

■ The record reflects, however, that Cashmore's appeal of the arbitrator's decision is pending. The timely filing of that appeal prevented the arbitrator's decision from becoming the decision of the Commission (Ill. Rev. Stat. 1989, ch. 48, par. 138.19(b)), and it is the Commission which must determine disputed questions under the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.18). The fact that Builders Square has withdrawn its appeal of the arbitrator's decision does not necessarily mean the Commission will find that Cashmore is covered by the Act. The Commission's review of the arbitrator's decision is not limited to exceptions stated in Cashmore's petition for review. Ill. Rev. Stat. 1989, ch. 48, par. 138.19(b).

■ Thus, the proceedings before the Commission have not yet established whether Cashmore is entitled to compensation under the Act. Cashmore's eligibility for workers' compensation is not admitted by Builders Square merely because they paid his medical expenses (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(a)(3)) or other compensation (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(b)(7)). Although Cashmore's common-law negligence action would be barred if he had received compensation pursuant to an *agreement* executed in lieu of a claim and approved by the Commission (see *Collier*, 81 Ill. 2d at 241, 408 N.E.2d at 204), no such settlement agreement is present here. In fact, Cashmore continues to press his claim before the Commission for compensation under the Act. Where, as here, an employee with a pending workers' compensation claim is uncertain of his ground for recovery, it is not improper to file a common-law action so as to toll the statute of limitations. *Rhodes*, 92 Ill. 2d at 471, 442 N.E.2d at 511.

■■ ■ In closing, we note that seeking dismissal of Cashmore's complaint is not Builders Square's only alternative to protect itself from exposure to duplicative claims. See *Tumminaro v. Tumminaro* (1990), 198 Ill. App. 3d 686, 556 N.E.2d 293 (discussing circuit court's authority to impose a stay under section 2—619(a)(3) pending the outcome of administrative proceedings).

Accordingly, we hold that the circuit court improperly dismissed Cashmore's complaint. The judgment of the circuit court of Lake County is, therefore, reversed, and the cause is remanded.

Reversed and remanded.

DUNN and UNVERZAGT, JJ., concur.