JADWIGA ZUROWSKA, Plaintiff-Appellant, v. BERLIN INDUSTRIES, INC., Defendant-Appellee (Signode Corporation *et al.*, Defendants).

First District (6th Division)   No. 1—95—1468

Opinion filed June 14, 1996.

Jack Samuel Ring & Associates, of Chicago (Jack Samuel Ring, Judith E. Fors, and Anthony G. Argeros, of counsel), for appellant.

Nyhan, Pfister, Bambrick & Kinzie, P.C., of Chicago (Bruce D. Crofts, of counsel), for appellee.

JUSTICE EGAN delivered the opinion of the court:

The plaintiff Jadwiga Zurowska brought this action alleging an intentional tort by her employer, the defendant Berlin Industries, Inc. She alleged that while she was working, her right hand was caught in a strapping machine. The incident resulted in permanent injury to her right hand and shoulder and severe damage to her nervous system. The defendant moved to dismiss the case because the plaintiff had already filed for and received workers' compensation benefits. Basing his decision on *Fregeau v. Gillespie*, 96 Ill. 2d 479, 451 N.E.2d 870 (1983), the trial judge granted the motion, finding the action was barred by the exclusivity of remedy provisions contained in the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)) (the Act). The plaintiff contends that the decision in *Fregeau* does not control this case and that under the circumstances she should be permitted to maintain her common law tort action.

The plaintiff filed her complaint on August 11, 1994. The relevant allegations of the complaint, which we take as true for purposes of this appeal (*Copass v. Illinois Power Co.*, 211 Ill. App. 3d 205, 209-10, 569 N.E.2d 1211 (1991)), are as follows. On August 23, 1992, the day she was injured, the plaintiff was employed as a "laborer" by the defendant at its Carol Stream, Illinois, plant. That day she was operating a "Signode Power Strapping Machine," manufactured by the defendant Signode Corporation. The machine contained a "plunger," which apparently compressed items placed inside the machine. The defendant directed the plaintiff to use the strapping machine despite the fact that the plunger operated at an excessive rate of speed. Also, the machine did not "include an interlocking guard to prevent the strapping mechanism and plunger from operating while a user was placing materials into" the machine. The plaintiff was placing items into the strapping machine when the plunger activated and crushed her right hand.

In its motion to dismiss, the defendant asserted that on September 24, 1992, six weeks after her injury, the plaintiff had filed an application for adjustment of claim with the Illinois Industrial Commission

(the Commission), seeking compensation from the defendant under the Act. Furthermore, the defendant stated that the plaintiff had accepted payments under section 8(b) of the Act (820 ILCS 305/8(b) (West 1992)), amounting to $25,653.37 in temporary total disability benefits, as well as medical benefits under section 8(a) of the Act (820 ILCS 305/8(a) (West 1992)), totalling $57,514.09. The defendant attached a copy of her claim as an exhibit to its motion.

Subsequently, in a response to a request to admit facts, the plaintiff admitted the allegations in the motion to dismiss. She has been receiving biweekly payments of $485.33 since August 26, 1992, approximately one month before she filed her claim with the Commission.

During oral argument of its motion, the defendant asserted its liability under the Act, which the judge believed constituted a binding judicial admission of liability. The transcript of the argument on the defendant's motion to dismiss indicates that the trial judge relied, in part, on the admission of liability in issuing his ruling. To the extent that the defendant has benefitted from this admission, it would be estopped from now denying liability before the Commission. *Cashmore v. Builders Square, Inc.*, 211 Ill. App. 13, 18, 569 N.E.2d 1353 (1991).

■ The Act "was designed to provide speedy recovery without proof of fault for accidental injuries" that occur in the workplace during the course of work. *Fregeau*, 96 Ill. 2d at 486. The compensation provided by the Act is the exclusive remedy for such injuries. 820 ILCS 305/5(a), 11 (West 1992). Thus, injured employees are not permitted to seek and recover both compensation under the Act and common law damages resulting from allegations that their injuries were intentionally caused by their employers. *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 241, 408 N.E.2d 198 (1980); *Copass*, 211 Ill. App. 3d at 210. However, the supreme court has stated that an employee "out of caution or uncertainty," may file a common law action against an employer, though he has already filed a workers' compensation claim. *Fregeau*, 96 Ill. 2d at 485; *Rhodes v. Industrial Comm'n*, 92 Ill. 2d 467, 442 N.E.2d 509 (1982). This enables the employee who is uncertain of the proper basis of recovery to toll the statute of limitations on the civil action. *LaGrassa v. Panozzo*, 168 Ill. App. 3d 355, 522 N.E.2d 752 (1988). In order to avoid the exclusivity bar of sections 5(a) and 11 of the Act, a plaintiff must prove " 'either that the injury (1) was not accidental, (2) did not arise from his or her employment, (3) was not received during the course of employment or (4) was noncompensable under the Act.' " *Fregeau*, 96 Ill. 2d at 483, quoting *Collier*, 81 Ill. 2d at 237.

In *Fregeau*, the plaintiff, who allegedly had been struck by a co-worker during work, filed a civil suit against the co-worker. In his answer to the complaint, the defendant asserted that the plaintiff had previously filed a claim against his employer under the Act. The defendant moved for summary judgment, attaching a copy of the plaintiff's deposition, in which the plaintiff "acknowledged filing for and receiving *** benefits" under the Act. *Fregeau*, 96 Ill. 2d at 481. Summary judgment was granted in favor of the defendant, but the appellate court reversed. *Fregeau v. Gillespie*, 106 Ill. App. 3d 224, 435 N.E.2d 912 (1982). The plaintiff's claim under the Act was still pending before the Commission when the case was presented to the supreme court. The only issue before the Commission, however, was the nature and extent of the plaintiff's injuries, as the employer had admitted liability under the Act. *Fregeau*, 96 Ill. 2d at 481. The supreme court reinstated the judgment for the defendant, holding that once an employee chooses to obtain compensation under the Act, any civil action is barred. *Fregeau*, 96 Ill. 2d at 486.

Several appellate decisions since *Fregeau* have resolved claims by plaintiffs seeking to maintain civil actions after having already filed claims under the Act or after having received compensation from an employer which the employer claimed was pursuant to the Act. These decisions indicate that the questions to be answered in these types of cases are (1) what constitutes the receipt of compensation under the Act, or (2) at what point has a plaintiff "take[n] the express position that the injury is compensable under the Act, [such that] he is barred from taking the mutually exclusive position that the injury was intentional." *Copass*, 211 Ill. App. 3d at 210.

Like the trial judge, we find it difficult to distinguish the plaintiff's case from *Fregeau*. The only distinction between the facts in *Fregeau* and this case is that the defendant here has admitted liability on the workers' compensation claim before the circuit court (as opposed to the Commission) in conjunction with its defense of the plaintiff's common law action. Like the plaintiff in *Fregeau*, the plaintiff here has admitted filing for and receiving benefits under the Act.

The plaintiff urges this factual distinction from *Fregeau* in her case: that neither she nor the Commission has taken any action on her claim. Therefore, she argues, the compensation she received from her employer was not pursuant to the Act, nor has she taken any other express action indicating her intent to proceed under the Act. Rather, she contends that, like the plaintiff in *Copass· v. Illinois Power Co.*, 211 Ill. App. 3d 205, 569 N.E.2d 1211 (1991), the payments she received from the defendant were voluntary on its part.

In *Copass*, the plaintiff's husband had been killed in a job-related explosion. Within three days of the death, the decedent's employer began making payments to the plaintiff, informing her she was entitled to them under the Act. She later filed a civil action against the decedent's employer alleging his death resulted from an intentional tort; she never filed a claim in the Commission, executed a written settlement of a claim "nor asserted in any other way that her husband's death [was] compensable under the Act." *Copass*, 211 Ill. App. 3d at 209, 211. The court held that under the circumstances, the receipt of over $21,000 in payments could not be characterized as compensation under the Act. Here, on the other hand, the plaintiff has filed a claim under the Act in addition to receiving payments from the defendant. Thus, unlike the plaintiff in *Copass*, the plaintiff has taken at least some express action indicating her injury was compensable under the Act. Furthermore, given that under section 8(b) of the Act (820 ILCS 305/8(b) (West 1992)), an employer must pay temporary total disability to an employee whose total incapacity lasts more than three working days, it seems improper to us to classify the payments made by the defendant as "voluntary."

Still, the plaintiff insists that she cannot be considered to have elected to proceed under the Act unless she "actively pursued a remedy in the Industrial Commission." She argues she is unlike the plaintiff in *James v. Caterpillar, Inc.*, 242 Ill. App. 3d 538, 611 N.E.2d 95 (1993), whose claim under the Act had been heard by the Commission and whose tort claim was hence barred. However, the *James* court did not premise its decision on the extent of the proceedings before the Commission. Rather, that court held, following the supreme court's decisions, that the filing of a claim under the Act, accompanied by the receipt of compensation under the Act, whether as the result of a final award by the Commission or by settlement between the parties, constitutes a bar to a tort claim that an injury was intentionally caused. *James*, 242 Ill. App. 3d at 551-52.

We agree that under Illinois law if all the plaintiff had done was to file her claim, her common law action would not be barred. However, she also accepted temporary total disability payments pursuant to the Act.

The plaintiff has cited two additional cases to support her argument. In *Cashmore v. Builder's Square, Inc.*, 211 Ill. App. 3d 13, 16, 569 N.E.2d 1353 (1991), the court permitted the plaintiff to proceed with a common law claim despite the pendency of a claim before the Commission. However, we note that in *Cashmore*, although not a basis for the court's decision, the employee's answers to the defendant's Rule 216(a) (134 Ill. 2d R. 216(a)), request admitted only

that the plaintiff had received money and medical payments, but "did not admit that these payments were made pursuant to [the employer's] obligations under the [Act]." *Cashmore*, 211 Ill. App. 3d at 16. Furthermore, the employer denied before the Commission that the employee's injury was compensable under the Act. *Cashmore*, 211 Ill. App. 3d at 18. Finally, and most crucial to the court's decision, although the arbitrator awarded benefits under the Act to the employee, the award also concluded that the injury was not compensable under the Act. Thus, the award was confusing, indeed internally inconsistent, as to the employee's right to recover, and the court permitted the common law action to stand. *Cashmore*, 211 Ill. App. 3d at 19. We think these factors distinguish *Cashmore*, which did not mention *Fregeau*, from this case.

Nor do we find persuasive the plaintiff's reliance on *LaGrassa v. Panozzo*, 168 Ill. App. 3d 355, 522 N.E.2d 752 (1988), in which the defendant contested the plaintiff's right to maintain a claim under the Act rather than a tort claim. Significantly, the defendant maintained that the employer-employee relationship did not exist. In *LaGrassa*, the plaintiff was injured, and he and the defendant entered into a private settlement agreement as compensation for any negligence by the defendant in regard to the injury. Subsequently, the plaintiff, alleging an employer-employee relationship, filed a claim before the Commission, on which the Commission ruled favorably for the plaintiff. The defendant argued that the settlement barred the claim. The court held that an employer may not waive application of the Act and that a settlement not approved by the Commission does not limit a plaintiff's recovery under the Act. *LaGrassa*, 168 Ill. App. 3d at 359. *Cf. Collier*, 81 Ill. 2d at 234 (holding that where employee enters into lump-sum settlement with employer which is approved by the Commission, subsequent civil action is barred). The settlement merely acted as an offset of any subsequent award. *LaGrassa*, 168 Ill. App. 3d at 359.

*LaGrassa* is simply inapposite here, where the defendant is not attempting to limit its liability under the Act by reference to the amounts it has paid to the plaintiff. On the contrary, the defendant has admitted its liability under the Act in the trial court and simply seeks to have the plaintiff's claim adjudicated before the Commission.

■ Here, the plaintiff filed her claim under the Act only weeks after her injury. She also accepted compensation pursuant to the Act for almost two years before filing her common law action. We think the plaintiff's conduct evinces a choice to proceed under the Act. As such, her assertions of an intentional tort in this case are "legally inconsistent" with her filing for and accepting benefits under the Act.

*James*, 242 Ill. App. 3d at 552, citing *Collier*, 81 Ill. 2d at 241. Therefore, the trial judge properly dismissed the action.

Affirmed.

ZWICK, P.J., and McNAMARA, J., concur.