# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Berge v. Mader*, 2011 IL App (1st) 103778

---

| | |
|---|---|
| Appellate Court Caption | SHIRLEY BERGE, Plaintiff-Appellant, v. KUNO MADER and DMG AMERICA, INC., Defendants-Appellees. |
| District & No. | First District, Second Division<br>Docket No. 1-10-3778 |
| Filed | September 30, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly held that the doctrine of judicial estoppel barred plaintiff from pursuing her negligence action arising from an automobile accident involving a car owned by defendant and driven by an employee that occurred one month after she filed a bankruptcy petition, since plaintiff failed to disclose the claim to the bankruptcy court, despite her affirmative duty under the federal statute to disclose the claim. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-L-12812; the Hon. Eileen Mary Brewer, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Deutschman & Associates, P.C., of Chicago (Jeffrey S. Deutschman, of counsel), for appellant.

Grant & Fanning, of Chicago (Todd E. Carlson and Janet A. Flynn, of counsel), for appellees.

Panel

PRESIDING JUSTICE QUINN delivered the judgment of the court, with opinion.
Justices Connors and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1    The trial court held that the doctrine of judicial estoppel prevented plaintiff, Shirley Berge, from pursuing a tort action against defendants Kuno Mader and DMG America, Inc., after failing to disclose the case in her bankruptcy petition. Because Berge's contradictory actions met all the elements for invoking judicial estoppel, we find that the trial court did not abuse its discretion in invoking the doctrine and affirm.

¶ 2                                    BACKGROUND

¶ 3    In April 2006, plaintiff, Shirley Berge, filed for bankruptcy under chapter 13 (11 U.S.C. § 101 *et seq.* (2006)). The following month, she was involved in an auto accident with a car owned by defendant DMG America, Inc., and driven by DMG's employee, defendant Kuno Mader. Plaintiff filed her negligence complaint concerning this accident in state court in November 2007 which is now the subject of this appeal. In May 2009, plaintiff converted her chapter 13 bankruptcy petition to a chapter 7 petition (11 U.S.C. § 101 *et seq.* (2006)). In October 2009, she received a "no assets" discharge of her debts in bankruptcy court and her chapter 7 petition was closed as fully resolved. It is undisputed that plaintiff never disclosed her state court claim against the defendants to the bankruptcy court while her chapter 13 and 7 petitions were pending, although plaintiff had numerous opportunities to do so. Defendants independently learned of plaintiff's bankruptcy case and filed a motion, captioned as one for summary judgment, which requested the state trial court to apply the doctrine of judicial estoppel and dismiss the case for plaintiff's failure to disclose the negligence claim in her list of statutorily required disclosures in bankruptcy court. After initial briefing of defendants' motion, plaintiff also returned to bankruptcy court to reopen her discharged case to disclose the instant case.

¶ 4                                    ANALYSIS

¶ 5    Plaintiff raises for the first time on appeal that the state court does not have jurisdiction

to decide whether this personal injury case can proceed because of the plaintiff's noncompliance with the statute that requires her to list any lawsuit as an asset in her bankruptcy case, as required by statute. The argument presented is that only the bankruptcy court can decide issues stemming from the bankruptcy filing. This argument is without merit. It is the state court, in the first instance, that decides whether it has or does not have jurisdiction in any particular case. Defendants' position is that plaintiff is barred from raising this jurisdictional issue because the plaintiff failed to raise it in the trial court. However, it is axiomatic that jurisdictional issues can be raised at any time, even *sua sponte*. See, *e.g.*, *City of Marseilles v. Radke*, 287 Ill. App. 3d 757 (1997).

¶ 6 Specifically, plaintiff argues that a finding of "bad faith" surrounding her failure to disclose the case in bankruptcy court is required to apply judicial estoppel, and the state court cannot issue a ruling on plaintiff's motives because the bankruptcy court has exclusive jurisdiction over the bankruptcy case. Even if that statement were accurate, of the five elements that must exist for Illinois courts to impose judicial estoppel, a finding of "bad faith" surrounding a nondisclosure is not one of them. Plaintiff was clearly aware of her state court action while the bankruptcy case was pending, and although she disclosed other litigation she had pending, she failed to inform the bankruptcy court of this case. Federal statute places an affirmative duty on the plaintiff to disclose claims in bankruptcy. 11 U.S.C. § 541 *et seq.* (2006). Even if "bad faith" were an element of judicial estoppel, her concealment of this state court case, which had the potential for her to realize financial gains, coupled with her statutory duty are sufficient for any trial court to infer "bad faith."

¶ 7 The effect of plaintiff's suggestion that "bad faith" is a necessary element for imposition of judicial estoppel and that only the bankruptcy court has jurisdiction to evaluate plaintiff's action for "bad faith" has potential results that are impractical–even absurd. An entire state court case would be held in abeyance while some nonparty to the bankruptcy case who is involved as a defendant in undisclosed litigation attempts to reopen a closed bankruptcy case to request a hearing on plaintiff's "bad faith." State courts have jurisdiction over whether judicial estoppel applies to a claim filed with them that was not disclosed in bankruptcy proceedings. In *Dailey v. Smith*, 292 Ill. App. 3d 22, 26 (1997), this court accepted appellant's argument that omitting a claim from a bankruptcy petition based on good-faith reliance upon advice of counsel did not invalidate a debtor's discharge in bankruptcy. However, this court continued: "we would find [this assertion] relevant were this an action challenging the validity of a debtor's discharge in bankruptcy, which it plainly is not. [Citation.] Plaintiff is bringing an action for money allegedly owed to him by defendants, not fending off a challenge to his earlier discharge in bankruptcy." *Dailey v. Smith*, 292 Ill. App. 3d 22, 26 (1997). Plaintiff cites to no case where the parties were directed to seek a bankruptcy ruling on "bad faith" before proceeding with a motion to apply judicial estoppel and we could not find one. The Illinois trial court has jurisdiction to evaluate plaintiff's actions in the context of a motion for application of judicial estoppel, but as will be discussed later, such a finding, either way, is neither necessary nor relevant.

¶ 8                                    A. Standard of Review

¶ 9         The defendants filed this judicial estoppel issue via a motion for summary judgment and the trial court treated it as such. Motions for summary judgment receive *de novo* review. *General Casualty Insurance Co. v. Lacey*, 199 Ill. 2d 281, 284 (2002). However, we are also guided not by just the caption of the motion, but the substance it presents. The motion raised an affirmative matter that seeks to defeat the claim more appropriate for a motion to dismiss under section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2008)). These motions are also reviewed *de novo. Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389 (2001). The plaintiff submits that we should apply the *de novo* standard of review to this case. However, it is well settled that the standard of review when a trial court rules on the application of judicial estoppel is "an abuse of discretion" standard regardless of the procedural manner in which it was raised. As explained in *Ceres Terminals, Inc. v. Chicago City Bank & Trust Co.*, 259 Ill. App. 3d 836 (1994), the purpose behind judicial estoppel is to prevent the perversion of the judicial process. It is intended to protect the courts from a party who plays fast and loose in a forum designed for parties seeking justice. See also *Bidani v. Lewis*, 285 Ill. App. 3d 545 (1996); *Giannini v. First National Bank of Des Plaines*, 136 Ill. App. 3d 971 (1985); *Cashmore v. Builders Square, Inc.*, 211 Ill. App. 3d 13 (1991).

¶ 10                                    B. Judicial Estoppel

¶ 11        This case presents this court with a simple question: Should plaintiff's failure to disclose a cause of action as an asset in her bankruptcy case prevent her from proceeding with that cause of action in state court under the doctrine of judicial estoppel?

¶ 12        The law of judicial estoppel prevents a party who makes a representation in one case from taking a contrary position in another case. *Bidani v. Lewis*, 285 Ill. App. 3d 545 (1996). The clear intent and evolution of the law of judicial estoppel has been to preserve and protect the integrity of our system of justice. *Barack Ferrazzano Kirschbaum Perlman & Nagelberg v. Loffredi*, 342 Ill. App. 3d 453, 459-60 (2003) (cases cited therein). In other words, parties are prevented from manipulating and making a mockery of our courts.

¶ 13        The Illinois courts have determined that judicial estoppel has five separate elements, as follows:

> "(1) the two positions must be taken by the same party; (2) the positions must be taken in judicial proceedings; (3) the positions must be given under oath; (4) the party must have successfully maintained the first position, and received some benefit thereby; and (5) the two positions must be 'totally inconsistent.' " (Internal quotation marks omitted.) *Ceres Terminals, Inc. v. Chicago City Land & Trust Co.*, 259 Ill. App. 3d at 851.

¶ 14        All five elements are present in this case. First, plaintiff presented two conflicting positions. Her position in bankruptcy court was that she had no pending lawsuits. Her pursuit of this state court action was to the contrary. Secondly, plaintiff made these conflicting positions in separate judicial proceedings. Plaintiff never disclosed her lawsuit in bankruptcy court, but she then turned around and actively pursued her pending personal injury case against defendants in state court. Third, plaintiff's complaint in this case and her many

-4-

representations in her bankruptcy case were filings made under oath. Fourth, plaintiff benefitted by having her debts discharged in bankruptcy without giving her creditors any knowledge of her potential to recover a money judgment. In other words, plaintiff's failure to disclose left her with the ability to permanently avoid her debts after recovering a money judgment. Lastly, the final element is present and could not be clearer. Plaintiff never disclosed she had a lawsuit to the bankruptcy court while actively maintaining a lawsuit in Illinois state court.

¶ 15    As acknowledged by the trial court when confronted with the issue of applying judicial estoppel arising from a failure to disclose a lawsuit in a bankruptcy case, there appears to be a paucity of state cases directly addressing the issue of the application of judicial estoppel to a plaintiff's state court lawsuit which was subject to disclosure in the plaintiff's bankruptcy case. The most recently published First District case to apply judicial estoppel in a similar case was 14 years ago. *Dailey v. Smith*, 292 Ill. App. 3d 22 (1997). Dailey had failed to disclose in his chapter 7 bankruptcy petition that he was pursuing an Illinois state court action for a share of partnership profits that were wrongfully withheld from him. This court found that Dailey was able to avoid paying his creditors as a result of his nondisclosure. It held that Dailey took inconsistent positions in separate judicial proceedings and could not avoid the effect of judicial estoppel–the dismissal of his lawsuit.

¶ 16    Many federal cases were cited and discussed by both parties in their briefs. We find the Seventh Circuit case of *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006) (*en banc*), to be most instructive. The court applied the doctrine of judicial estoppel to a debtor who had not disclosed a pending administrative action in her chapter 7 bankruptcy petition. The court held she was judicially estopped from pursuing the civil action after her debts were discharged in the bankruptcy proceeding. The court cited six other federal court of appeals cases that were in complete agreement that a debtor who does not disclose an asset cannot later realize a benefit from that concealed asset after having his or her debts discharged in bankruptcy. See *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.), Inc.*, 989 F.2d 570 (1st Cir. 1993) (*en banc*); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3d Cir. 2003); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005); *United States ex rel. Gebert v. Transport Administrative Services*, 260 F.3d 909, 917-19 (8th Cir. 2001); *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778 (9th Cir. 2001); *Barger v. City of Cartersville,* 348 F.3d 1289, 1297-98 (11th Cir. 2003) (Barkett, J., dissenting).

¶ 17    Further, we are unpersuaded by plaintiff's argument that she told her bankruptcy attorney about her lawsuit but that he was the one who failed to include it on her various lists of assets she was required to file under oath in bankruptcy court. The plaintiff is bound by her attorney's actions. We have conflicting statements presented by plaintiff and plaintiff's present attorney in support of her position. Any hearsay presentations or arguments as to the underlying reasons as to why or how those sworn statements occurred are better left to others in any subsequent litigation that may follow today's ruling. However, we note that it was plaintiff who gave the numerous submissions to the bankruptcy court under oath which listed other legal actions she was involved in, but omitted this one. Plaintiff testified before the bankruptcy trustee to these disclosures as being complete and correct. Plaintiff is bound by

these statements, regardless of any advice or actions by her bankruptcy attorney and without regard to whether she relied on her attorney in good faith. *Cannon-Stokes v. Potter*, 453 F.3d at 449.

¶ 18 Equally unimpressive is plaintiff's belated attempt to amend her bankruptcy petition after her debts had been discharged and only after she was faced with defendant's motion for application of judicial estoppel in her state court case. Petitioning a bankruptcy court to reopen a closed case to disclose a previously omitted asset only after being faced with such a motion may demonstrate negligence but it could just as easily be proof that plaintiff has been caught and feels a need to correct her failure to disclose before the bankruptcy court learns of her nondisclosure another way and plaintiff increases her risk of sanctions or referral of criminal charges by the bankruptcy court. *Taylor v. Comcast Cablevision of Arkansas, Inc.*, 252 F. Supp. 2d 793, 798 (E.D. Ark. 2003) Plaintiff's subsequent remedial actions, however belatedly taken, are encouraged by this court. However, we believe that allowing a belated amendment to plaintiff's list of assets to remedy the present situation plaintiff finds herself in does a disservice to the doctrine of judicial estoppel. The primary focus of judicial estoppel in Illinois is purely on the action of the litigant and its effect on the judicial system. *Bidani v. Lewis*, 285 Ill. App. 3d at 551. Condoning a litigant's action in reopening a discharged bankrupty case to amend his or her asset disclosure after being faced with a judicial estoppel motion in his or her pending lawsuit would only serve to promote less-than-truthful asset disclosures with a hope of not getting caught. *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 481 (6th Cir. 2010); *Barger v. City of Cartersville*, 348 F.3d 1289, 1297 (11th Cir. 2003). By allowing a litigant to easily remedy the situation, there is a lack of incentive to be completely honest about other pending lawsuits and may have the effect of encouraging concealment of assets in bankruptcy.

¶ 19 Appellant relies heavily on a federal district court case, *Jaeger v. Clear Wing Productions, Inc.*, 465 F. Supp. 2d 879 (S.D. Ill. 2006) for the proposition that she should be allowed to try to prove that her contradictory filings made under oath were really inadvertent or the result of some mistake. The federal district court in *Jaeger* held that "genuine issues of material fact certainly remain as to whether Jaeger's failure to disclose constituted cold manipulation or intentional contradiction as opposed to a confused blunder or simple error or inadvertence." (Internal quotation marks omitted.) (Emphasis omitted.) *Jaeger*, 465 F. Supp. 2d at 882. The *Jaeger* court used a standard for applying judicial estoppel that differs from our court's standard. Further, " 'the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.' " *Barger v. City of Cartersville*, 348 F.3d at 1296 (quoting *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1287 (11th Cir. 2002)). In the instant case, Berge certainly knew of the undisclosed claim and had motive to conceal it. Consequently, Berge's failure to satisfy her disclosure duty was not "inadvertent" as that term is defined in federal cases.

¶ 20 Even though the *Jaeger* standard for application of judicial estoppel appears, at first glance, to provide more leeway for the litigant against whom the doctrine is being applied, universally, federal courts have not shown much forgiveness when a party fails to disclose assets in a bankruptcy case. *Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778 (9th

Cir. 2001); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005) (lawsuit pending while bankruptcy case was still open); *Lott v. Sally Beauty Co.*, No. 3:00CV1216J20TJC, 2002 WL 533651 (M.D. Fla. Mar. 5, 2002) (irreconcilable to deny being a party to an administrative proceeding while having filed an EEOC charge one month earlier); *Chandler v. Samford University*, 35 F. Supp. 2d 861 (M.D. Ala. 1999) (collecting cases). This is true no matter what the parties' excuses or the nature of their intent–good or bad. The courts do not differentiate between chapter 7 and chapter 13 bankruptcy petitions as both chapters require full disclosure of assets. *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006). We see no reason to deviate from either *Dailey v. Smith*, 292 Ill. App. 3d at 25, or this long line of federal cases.

¶ 21     For the foregoing reasons, we affirm the trial court's decision dismissing this lawsuit on judicial estoppel grounds. We find that the trial court did not abuse its discretion when it ruled that plaintiff was judicially estopped from pursuing her negligence case. Plaintiff is judicially estopped from attempting to create a question of fact for purposes of summary judgment by contradicting her previous position taken in her bankruptcy petition. There was no genuine, triable issue of material fact for the circuit court to decide. *Barack*, 342 Ill. App. 3d at 467. Therefore, the court properly granted defendant's summary judgment motion.

¶ 22     Affirmed.