# Illinois Official Reports

## Appellate Court

***Shoup v. Gore*, 2014 IL App (4th) 130911**

| | |
|---|---|
| Appellate Court Caption | JOHN D. SHOUP, Plaintiff-Appellant, v. DANIEL W. GORE; DEBRA GORE, a/k/a DEBBIE S. GORE; AMEREN ILLINOIS COMPANY, a/k/a AMEREN CIPS, a/k/a AMEREN ILLINOIS; and CENTRAL ILLINOIS LIGHT COMPANY, a/k/a AMEREN CILCO, a/k/a CILCO, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-13-0911 |
| Filed | June, 26, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly entered summary judgment for defendants in plaintiff's personal injury action based on judicial estoppel where plaintiff failed to disclose his pending personal injury action to the bankruptcy court in which his bankruptcy proceeding was also pending, since the elements of the judicial estoppel doctrine were satisfied by plaintiff's implied representation to the bankruptcy court that he had no pending lawsuit, while at the same time and under oath in both proceedings, he was pursuing personal injury damages in state court, and he ultimately benefitted from the "totally inconsistent" positions by receiving a bankruptcy discharge without disclosing to the bankruptcy court that he could be awarded damages in the personal injury action. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 12-L-82; the Hon. Paul G. Lawrence, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Hania Sohail, of Strong Law Offices, of Peoria, for appellant.

Jonathan Stump, of Quinn, Johnston, Henderson, Pretorius & Cerulo, of Peoria, for appellees Daniel W. Gore and Debra Gore.

John Twohy, of Eichhorn & Eichhorn, of Hammond, Indiana, for appellees Ameren Illinois Company and Central Illinois Light Company.

Panel

PRESIDING JUSTICE APPLETON delivered the judgment of the court, with opinion.
Justices Turner and Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, John D. Shoup, appeals from the trial court's judgment granting summary judgment in favor of defendants on the basis of judicial estoppel. Plaintiff claims judicial estoppel does not apply to the facts of this case. We disagree and affirm.

¶ 2                                I. BACKGROUND

¶ 3    In February 2010, plaintiff filed a chapter 13 bankruptcy petition. See 11 U.S.C. §§ 1301 to 1330 (2006). In October 2010, plaintiff's underlying claim accrued against the defendants, Daniel W. Gore, Debra Gore, a/k/a Debbie S. Gore (hereinafter, the Gores), Ameren Illinois Company, a/k/a Ameren CIPS, a/k/a Ameren Illinois (hereinafter, Ameren), and Central Illinois Light Company, a/k/a Ameren CILCO, a/k/a CILCO (hereinafter, CILCO). Plaintiff began making payments pursuant to his bankruptcy repayment plan on April 15, 2010. Plaintiff concedes he did not amend his bankruptcy filing or otherwise advise the bankruptcy court or the trustee of his claim against defendants prior to receiving a discharge, which he received on June 25, 2012. (On July 2, 2013, he *did* advise the bankruptcy trustee of his complaint against defendants. However, the trustee stated in a July 3, 2013, letter to plaintiff's bankruptcy attorney that, because the plan had been completed, "the debtor would have [no] further liability to the estate for any claims.")

¶ 4    Plaintiff filed a personal-injury lawsuit against defendants on June 8, 2012 (prior to receiving a discharge by the bankruptcy court), in the McLean County circuit court. The basis for plaintiff's claim was that, on October 12, 2010, he was surveying property owned by the Gores on behalf of Ameren and CILCO when he tripped and fell over a drainage hole. Any further factual information obtained by either party during discovery in this case is not relevant to the disposition and, therefore, is not addressed or summarized in this court's order.

¶ 5    After conducting discovery, defendants filed separate motions for summary judgment, claiming the doctrine of judicial estoppel barred plaintiff's claim because he never advised the

bankruptcy court of the claim against defendants. On October 1, 2013, the trial court entered a written order granting defendants' motions for summary judgment. This appeal followed.

¶ 6                                                    II. ANALYSIS

¶ 7        Plaintiff contends the elements of judicial estoppel are not present in this case primarily because he did not take inconsistent positions in different proceedings under oath as required for application of the doctrine. We disagree.

¶ 8        An appellate court reviews the trial court's application of the doctrine of judicial estoppel for an abuse of discretion regardless of the procedural manner in which the issue was raised. *Berge v. Mader*, 2011 IL App (1st) 103778, ¶ 9. An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *People v. Donoho*, 204 Ill. 2d 159, 182 (2003). Contrary to plaintiff's position, our review is deferential, rather than *de novo*.

¶ 9        The doctrine of judicial estoppel bars a party from making a representation in a case after he has successfully taken a contrary position in another case. *Berge*, 2011 IL App (1st) 103778, ¶ 12. The goal of the application of judicial estoppel is to protect the integrity of our system of justice and prevent a party from manipulating and making a mockery of our system of dispensing justice in all its forms. *Berge*, 2011 IL App (1st) 103778, ¶ 12. "At its heart, this doctrine prevents chameleonic litigants from 'shifting positions to suit the exigencies of the moment' [citations], engaging in 'cynical gamesmanship' [citation] or '[h]oodwinking' a court. [Citation.]" *Ceres Terminals, Inc. v. Chicago City Bank & Trust Co.*, 259 Ill. App. 3d 836, 850 (1994).

¶ 10       Judicial estoppel applies if the following five separate elements are present. Those are as follows:

> "(1) the two positions must be taken by the same party; (2) the positions must be taken in judicial proceedings; (3) the positions must be given under oath; (4) the party must have successfully maintained the first position, and received some benefit thereby; and (5) the two positions must be 'totally inconsistent.' (Internal quotation marks omitted.)" *Berge*, 2011 IL App (1st) 103778, ¶ 13 (quoting *Ceres Terminals*, 259 Ill. App. 3d at 851).

¶ 11       "When a chapter 13 bankruptcy petition is filed, a new bankruptcy 'estate' is created, and the estate is made up of all of the debtor's property at the time the case commences. [Citation.] The assets of the bankruptcy estate include all legal or equitable interests of the debtor in property as of the commencement of the case. [Citation.] The assets of the bankruptcy estate include the debtor's unliquidated lawsuits. [Citation.]" *Holland v. Schwan's Home Service, Inc.*, 2013 IL App (5th) 110560, ¶ 116. "The filing of a bankruptcy petition is an assertion of the jurisdiction of the bankruptcy court over all the assets and property of the alleged bankrupt." *Dailey v. Smith*, 292 Ill. App. 3d 22, 24 (1997). The bankruptcy estate "has been found to encompass 'every conceivable interest of the debtor, future, non-possessory, contingent, speculative, and derivative.' " *Dailey*, 292 Ill. App. 3d at 24 (quoting *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993)).

¶ 12       Before us are two seemingly conflicting authorities addressing the issue of whether judicial estoppel applies under circumstances similar to those presented here. First, in *Berge*, the First District found the trial court had not abused its discretion in applying the doctrine when the

plaintiff, who had filed a chapter 13 bankruptcy petition, never disclosed her personal-injury claim. *Berge*, 2011 IL App (1st) 103778, ¶ 21. After the plaintiff filed her bankruptcy petition, she was involved in an auto accident and sued the tortfeasors. After she filed the lawsuit, she converted her chapter 13 to a chapter 7 petition, but did not include the pending lawsuit. She received a discharge in October 2009 without the bankruptcy court knowing about her personal-injury claim. *Berge*, 2011 IL App (1st) 103778, ¶ 3. The tortfeasors filed a motion for summary judgment, raising the judicial-estoppel argument and the trial court granted the same. *Berge*, 2011 IL App (1st) 103778, ¶ 3.

¶ 13    Noting that "bad faith" was not one of the elements required for the application of judicial estoppel as the plaintiff argued, the court nevertheless held all of the elements had been satisfied and the plaintiff was precluded from proceeding with her lawsuit. *Berge*, 2011 IL App (1st) 103778, ¶¶ 6, 14. As to the first element, the court noted that in bankruptcy court, the plaintiff held the position she had no pending lawsuits yet she pursued her personal-injury action. *Berge*, 2011 IL App (1st) 103778, ¶ 14. Second, the conflicting positions were made in separate judicial proceedings. *Berge*, 2011 IL App (1st) 103778, ¶ 14. Third, she took these two separate positions under oath by filing a complaint and various bankruptcy filings in the respective proceedings. *Berge*, 2011 IL App (1st) 103778, ¶ 14. Fourth, the plaintiff received a benefit by having her debts discharged without the creditors knowing of her potential recovery in state court. *Berge*, 2011 IL App (1st) 103778, ¶ 14. Finally, the plaintiff never disclosed the existence of her lawsuit in bankruptcy court, yet actively pursued it in state court. *Berge*, 2011 IL App (1st) 103778, ¶ 14.

¶ 14    Relying on *Dailey* and *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006), the *Berge* court agreed that "a debtor who does not disclose an asset cannot later realize a benefit from that concealed asset after having his or her debts discharged in bankruptcy." *Berge*, 2011 IL App (1st) 103778, ¶ 16. The plaintiff's arguments that (1) it was her bankruptcy attorney who had failed to include the lawsuit in her bankruptcy filings, and (2) she tried to reopen her bankruptcy case after it was closed in order to add the lawsuit were unavailing. The court viewed the plaintiff's attempted remedial actions as doing a disservice to the doctrine of judicial estoppel, in that by accepting these after-the-fact actions, the court would seemingly be condoning a litigant's "less-than-truthful asset disclosures with a hope of not getting caught." *Berge*, 2011 IL App (1st) 103778, ¶ 18. The court also noted the doctrine applies equally to a chapter 7 and a chapter 13 bankruptcy, "as both chapters require full disclosure of assets." *Berge*, 2011 IL App (1st) 103778, ¶ 20.

¶ 15    The second case is *Holland*, in which the Fifth District determined the trial court did not abuse its discretion when it declined to apply the doctrine. The plaintiff had filed for chapter 13 bankruptcy protection yet failed to amend his filing to include his lawsuit against Schwan's, his former employer, for retaliatory discharge. *Holland*, 2013 IL App (5th) 110560, ¶ 110. The plaintiff filed his bankruptcy petition in August 2008 and his repayment plan was confirmed in November 2008. The plaintiff's claim against Schwan's did not arise until May 2009 when he was terminated. The court described the plaintiff's cause of action against Schwan's as "not a prepetition cause of action," meaning the plaintiff "could not have disclosed a claim for an injury that had not yet occurred." *Holland*, 2013 IL App (5th) 110560, ¶ 117. Although the court noted a debtor's continuing duty to disclose any potential lawsuits, it determined a subsequently filed lawsuit could not be said to be an "inconsistent position" from one taken earlier in a bankruptcy petition filed before the cause of action arose. *Holland*, 2013 IL App

(5th) 110560, ¶ 118. That is, the court noted that assets of the bankruptcy estate include the debtor's unliquidated lawsuits (citing *Dailey*, 292 Ill. App. 3d at 24-25), but, at the same time, found that nondisclosure of a postpetition lawsuit failed to satisfy at least one element of the judicial-estoppel doctrine. The court stated: "Therefore, although he did not properly disclose the retaliatory discharge claim, he did not take two inconsistent positions under oath." *Holland*, 2013 IL App (5th) 110560, ¶ 118.

¶ 16     The court held that it could not conclude that the trial court had abused its discretion in declining to apply the judicial-estoppel doctrine to the plaintiff's lawsuit against Schwan's when the plaintiff had not taken "two contrary positions under oath and the record [did] not establish that he intended to omit his claim against Schwan's from his bankruptcy estate." *Holland*, 2013 IL App (5th) 110560, ¶ 120. The court distinguished *Berge* by finding that the plaintiff in *Berge*, unlike the plaintiff in *Holland*, (1) knew of the undisclosed claim and had a motive to conceal it, and (2) received a benefit from the nondisclosure by receiving a discharge of his debt without his creditors knowing of the lawsuit. *Holland*, 2013 IL App (5th) 110560, ¶ 122. Further, the plaintiff in *Holland* did not benefit from the nondisclosure because the bankruptcy court dismissed his chapter 13 case for failing to make the required payments. *Holland*, 2013 IL App (5th) 110560, ¶ 122.

¶ 17     Contrary to plaintiff's position, we find the reasoning in *Berge* more applicable than that in *Holland* primarily due to the fact that the plaintiff in *Holland* did not receive a benefit from the bankruptcy court. Here, plaintiff, like the plaintiff in *Berge*, benefitted by having his repayment plan established and performed without giving his creditors any knowledge of his potential to recover damages in his personal-injury action. Plaintiff's failure to disclose left him with the ability to permanently avoid his debts after recovering a judgment against defendants. See *Berge*, 2011 IL App (1st) 103778, ¶ 14.

¶ 18     Based upon the authority presented, we find the trial court did not abuse its discretion in applying the doctrine of judicial estoppel when the plaintiff (1) took two different positions (by impliedly representing to the bankruptcy court he had no pending lawsuit while, at the same time, pursuing damages in a lawsuit in state court), (2) in two separate judicial proceedings, (3) under oath, (4) and received a discharge from the bankruptcy court without its knowledge of the potential recovery of damages from plaintiff's pending personal-injury lawsuit against defendants, and (5) received the benefit from representing two "totally inconsistent" positions. See *Berge*, 2011 IL App (1st) 103778, ¶ 13 (quoting *Ceres Terminals*, 259 Ill. App. 3d at 851). All five elements are present in this case to justify the applicability of the doctrine.

¶ 19                                    III. CONCLUSION

¶ 20     For the reasons stated, we affirm the trial court's judgment.

¶ 21     Affirmed.