# Illinois Official Reports

## Appellate Court

---

### *Knott v. Woodstock Farm & Fleet, Inc.*, 2017 IL App (2d) 160329

---

| | |
|---|---|
| Appellate Court Caption | TERENCE KNOTT, Plaintiff-Appellant, v. WOODSTOCK FARM & FLEET, INC., d/b/a Blain's Farm & Fleet, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-16-0329 |
| Filed | February 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of McHenry County, No. 14-LA-179; the Hon. Thomas A. Meyer, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Daniel M. Breen and Christopher J. Goril, of Breen Goril Law, of Chicago, for appellant.<br><br>Stuart N. Rappaport and David S. Osborne, of Lindsay, Rappaport & Postel, LLC, of Chicago, for appellee.<br><br>Jason Nielson, of Peter Francis Geraci Law, LLC, of Chicago, for *amicus curiae*. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Jorgensen and Burke concurred in the judgment and opinion.


## OPINION

¶ 1    Plaintiff, Terence Knott, appeals from an order of the circuit court of McHenry County granting defendant, Woodstock Farm & Fleet, Inc., doing business as Blain's Farm & Fleet, summary judgment based on the doctrine of judicial estoppel. Because the trial court improperly applied the doctrine of judicial estoppel, we reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3    On June 11, 2014, plaintiff filed a three-count complaint alleging premises liability, negligence, and spoliation of evidence arising out of an April 7, 2013, accident that occurred at defendant's store.

¶ 4    Prior to the commencement of plaintiff's action in the circuit court of McHenry County, plaintiff and his wife (represented by Geraci Law L.L.C. (Geraci)) filed a voluntary petition for chapter 7 bankruptcy on July 8, 2013. See 11 U.S.C. § 701 *et seq.* (2012). On schedule B, pertaining to personal property, plaintiff stated that he had no "[o]ther contingent and unliquidated claims of any nature" and that he had no "other property of any kind not already listed." Plaintiff listed assets of $196,250 and liabilities of $306,301.

¶ 5    On August 9, 2013, the bankruptcy trustee, James E. Stevens, issued a "Report of Distribution," reporting that "there is no property available for distribution from the estate over and above that exempted by law."

¶ 6    On October 29, 2013, plaintiff filed amended schedules B and C. On schedule B, regarding "[o]ther contingent and unliquidated claims of any nature," plaintiff listed "[p]ossible claim versus" and stated that the "[c]urrent value" was "unknown." On schedule C, regarding exemptions for "[o]ther contingent and unliquidated claims of any nature," plaintiff listed "[p]ossible claim versus" and stated its value at $15,000, citing section 12-1001(h)(4) of the Code of Civil Procedure (Code) (735 ILCS 5/12-1001(h)(4) (West 2012) (providing an exemption for a debtor to receive payment not to exceed $15,000 on account of personal bodily injury of the debtor)). Plaintiff declared under the penalty of perjury that the schedules were accurate.

¶ 7    On November 29, 2013, plaintiff's counsel in the instant action sent a letter to defendant, advising that counsel had been retained to represent plaintiff "in [*sic*] claim for damages as a result of injuries he sustained after a skid of merchandise was pushed into him on April 7, 2013, in Woodstock, Illinois." Counsel's letter advised defendant of counsel's lien and to preserve any and all evidence relating to "the above individual and occurrence."

¶ 8    On January 7, 2014, the bankruptcy court entered an order of discharge of plaintiff's debts.

¶ 9    On June 11, 2014, plaintiff filed a three-count complaint against defendant alleging that, on April 7, 2013, plaintiff was a customer at defendant's store when another customer drove a motorized cart into a display of pizza ovens, knocking them over onto plaintiff, causing an injury to plaintiff's knee. Count I alleged liability on the basis of "Premises Liability," count II

alleged liability on the basis of "Negligence," and count III alleged liability on the basis of "Spoliation of Evidence." Plaintiff sought damages in excess of $50,000 for each count.

¶ 10    On June 15, 2015, defendant filed a motion for summary judgment, contending, in part, that plaintiff should be judicially estopped because he failed to sufficiently report his personal injury claim in his bankruptcy case and, in the alternative, that plaintiff had no standing to pursue this claim because any claim belonged to the bankruptcy estate and must be brought by the trustee.

¶ 11    Plaintiff responded that there were genuine issues of material fact precluding summary judgment and that judicial estoppel did not apply because he did not intentionally fail to disclose his personal injury claim. In support of his response, plaintiff submitted his affidavit.

¶ 12    In plaintiff's affidavit, he stated, *inter alia*, "[a]t the time [I] filed for bankruptcy, I was unsure whether I would pursue any litigation regarding the April 7, 2013[,] incident." Plaintiff averred that he was unsure because of the "cost of litigation, the uncertainty of potential recovery, personal and financial cost, the stress and aggravation association [*sic*] with such claims and my personal preference to avoid litigation." Plaintiff stated that he had surgery on his knee on July 31, 2013, and that, until he filed the amended schedules B and C on October 29, 2013, he "was not aware that a potential cause of action was considered an 'asset' for the purpose of bankruptcy."

¶ 13    On January 28, 2016, the trial court granted defendant's motion for summary judgment based solely on judicial estoppel. In doing so, the court relied in part on *Seymour v. Collins*, 2015 IL 118432. The court found that all of the "elements of judicial estoppel" were present in the case. The court then found that plaintiff's "disclosure, quote, possible claim versus, end quote, with nothing more, satisfies the issue of whether the plaintiff intended to deceive or mislead as to the existence of this specific claim."

¶ 14    On February 18, 2016, plaintiff filed a motion to reconsider, which the trial court denied on April 21, 2016. Plaintiff filed his notice of appeal on May 2, 2016.

¶ 15    On August 9, 2016, Stevens resigned as trustee of plaintiff's bankruptcy estate, and the bankruptcy court appointed Joseph D. Olsen as trustee.[1]

¶ 16    We note that we have granted Geraci's motion to file an *amicus curiae* brief "supporting" plaintiff and Olsen. Geraci contends, *inter alia*, that this "appeal should be dismissed and remanded to the trial court with instructions to vacate the order granting summary judgment, and allow the Trustee, the real party at interest, to substitute as Plaintiff." We reject Geraci's attempt to raise issues not raised by the parties to this appeal. See *Karas v. Strevell*, 227 Ill. 2d 440, 450 (2008). An *amicus* takes a case as he finds it, with the issues framed solely by the parties. *Id.* at 451. No party has argued for the dismissal of this appeal or for the substitution of the trustee for plaintiff. Accordingly, we strike the portion of Geraci's brief that urges dismissal and substitution. See *id.*

---

[1]We may take judicial notice of public documents that are included in the records of other courts. *Seymour*, 2015 IL 118432, ¶ 6 n.1. The bankruptcy court's records contain orders terminating Stevens as trustee and appointing Olsen.

¶ 17                                    II. ANALYSIS

¶ 18        Plaintiff argues that the trial court erred in granting summary judgment in favor of defendant with its application of the doctrine of judicial estoppel.

¶ 19        Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2014). Summary judgment is a drastic measure and should be granted only if the movant's right to judgment is clear and free from doubt. *Seymour*, 2015 IL 118432, ¶ 42. Where a reasonable person could draw divergent inferences from undisputed facts, summary judgment should be denied. *Pielet v. Pielet*, 2012 IL 112064, ¶ 53. In determining the existence of a genuine issue of material fact, courts must consider the pleadings, depositions, admissions, exhibits, and affidavits on file in the case and must construe them strictly against the movant and liberally in favor of the opponent. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004).

¶ 20        Judicial estoppel is an equitable doctrine invoked by the court at its discretion. *Seymour*, 2015 IL 118432, ¶ 36. The purpose of the doctrine is to protect the integrity of the judicial process by prohibiting parties from "deliberately changing positions" according to the exigencies of the moment. (Internal quotation marks omitted.) *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001).

¶ 21        The analytical framework for determining whether judicial estoppel should bar a claim is a two-step process. *Seymour*, 2015 IL 118432, ¶ 47. First, the trial court must determine whether the party to be estopped has (1) taken two positions, (2) that are factually inconsistent, (3) in separate judicial or quasi-judicial administrative proceedings, (4) intending for the trier of fact to accept the truth of the facts alleged, and (5) succeeded in the first proceeding and received some benefit. *Id.* Judicial estoppel must be proved by clear and convincing evidence. *Id.* ¶ 39.

¶ 22        Second, even if the trial court finds that all five factors are present, it must exercise its discretion in deciding whether to apply judicial estoppel. *Id.* ¶ 47. Multiple factors may inform the court's decision, including the significance or impact of the party's action in the first proceeding and whether the party intended to deceive or mislead, as opposed to inadvertently or mistakenly taking the prior position. *Id.* Notably, the question of whether the party intended to deceive or mislead is a "critical factor" in deciding whether to apply judicial estoppel. *Id.* ¶ 54. Thus, even if all five prerequisites are found, the intent to deceive or mislead is not necessarily present, because inadvertence or mistake may account for positions taken or facts asserted in the prior proceeding. *Id.* ¶ 47.

¶ 23        The parties dispute the applicable standard of review. Plaintiff argues for both the *de novo* and the abuse-of-discretion standards, and defendant urges us to apply only *de novo* review.

¶ 24        With respect to the applicable reviewing standard, we review a trial court's exercise of discretion for an abuse of discretion. *Id.* ¶ 48. "However, where the exercise of that discretion results in the termination of the litigation, and that result is brought about via the procedural mechanism of a motion for summary judgment, it follows, as well, that we review that ruling *de novo*." *Id.* ¶ 49.

¶ 25        Here, plaintiff argues that the trial court erred by finding that he took factually inconsistent positions. Defendant argues that plaintiff's statement "possible claim versus" contained in his bankruptcy disclosure is indisputably inconsistent with plaintiff's personal injury claim.

¶ 26        We determine that plaintiff's positions are not factually inconsistent. In the bankruptcy proceeding, plaintiff disclosed that he had a "[p]ossible claim versus," and by citing section

- 4 -

12-1001(h)(4) of the Code, he indicated that it was a personal bodily injury claim. Whether plaintiff could have provided more information regarding this possible claim is not the question here. The question is whether, with the facts viewed in the light most favorable to him, plaintiff clearly and convincingly took inconsistent positions. Because the answer to that question is no, the trial court erred by finding all of the factors of judicial estoppel. Accordingly, the trial court erred by entering summary judgment in favor of defendant.

¶ 27 Defendant cites *Berge v. Mader*, 2011 IL App (1st) 103778, to support its argument. In *Berge*, the plaintiff sustained an injury in a car accident in 2006 and filed a personal injury action in 2007. *Id.* ¶ 3. In 2009, the plaintiff converted her existing chapter 13 bankruptcy claim into a chapter 7 bankruptcy claim without disclosing her personal injury claim. *Id.* The appellate court affirmed summary judgment in the defendant's favor on the basis of judicial estoppel. *Id.* ¶ 21. *Berge* is distinguishable from this case because in *Berge* the plaintiff filed a personal injury complaint during the pendency of her bankruptcy proceeding and then failed to disclose anything about that claim to the bankruptcy court. Here, plaintiff filed his personal injury complaint after discharge from bankruptcy, he disclosed to the bankruptcy court that he had a "possible claim," and he indicated that it was a personal bodily injury claim.

¶ 28 Defendant also cites *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3d Cir. 2003), to support its argument. In *Krystal*, a General Motors dealer filed chapter 11 bankruptcy after General Motors Corporation terminated its franchise. *Id.* at 317. In its disclosure to the bankruptcy court, the dealer stated, "the status of this franchise is now in litigation." (Internal quotation marks omitted.) *Id.* at 318. The dealer then filed an action against General Motors Corporation for, *inter alia*, breach of contract. *Id.* The court of appeals affirmed the district court's affirmance of the bankruptcy court's dismissal of the claim based on judicial estoppel. *Id.* at 319. This case is distinguishable from *Krystal* because there the dealer failed to inform the bankruptcy court that it had a claim or to inform the court of the nature of the "litigation." In contrast, plaintiff in this case informed the bankruptcy court that he had a possible claim and also informed the court of the nature of the claim, *i.e.*, personal bodily injury.

¶ 29 Plaintiff also argues that the trial court erred by ruling that he intended to deceive or mislead the bankruptcy court. Defendant responds that the trial court properly determined that the phrase "possible claim versus" was intended to deflect a claim of judicial estoppel. According to defendant, plaintiff had a duty to fully and completely disclose his claim and his failure to do so established an intent to deceive or mislead. We need not reach this issue because we have determined that the record does not establish by clear and convincing evidence that plaintiff took two factually inconsistent positions. However, we shall discuss this issue as an alternative basis for reversal.

¶ 30 At this point we find *Seymour*, 2015 IL 118432, instructive. In *Seymour*, the plaintiffs, Terry and Monica Seymour, filed a petition for chapter 13 bankruptcy in 2008. *Id.* ¶ 4. In 2011, the plaintiffs filed a personal injury action arising from injuries Terry sustained in a June 2010 car accident. *Id.* ¶ 3. The plaintiff filed for modifications of the bankruptcy plan. *Id.* ¶¶ 4-6. The bankruptcy court granted the plaintiffs an order of discharge in July 2012. *Id.* ¶ 8. The plaintiffs never disclosed to the bankruptcy court that Terry had been injured in June 2010, that he believed he had personal injury claims against multiple defendants as a result of the June 2010 accident, or that he had filed suit against those defendants in May 2010. *Id.* The trial court entered summary judgment in favor of the defendants based on judicial estoppel. *Id.* ¶¶ 15-19.

A divided panel of this court affirmed the judgment of the trial court. *Id.* ¶ 20. Our supreme court reversed the judgments of this court and the trial court. *Id.* ¶ 64. The supreme court rejected the trial court's inference that Terry intended to deceive or mislead based on his failure to disclose his personal injury claim to the bankruptcy court. *Id.* ¶¶ 54-62. In particular, the court explained:

> "We are not willing, as appears to be the case in prevailing federal authority given the circumstances [citation], to presume that the debtors' failure to disclose was deliberate manipulation. We do not find that inference or presumption controlling in Illinois, much less the facts of this case." (Emphasis omitted.) *Id.* ¶ 62.

¶ 31 In this case, plaintiff disclosed to the bankruptcy court, in an incomplete manner, that he had a "[p]ossible" personal bodily injury claim. The trial court presumed that plaintiff intended to deceive or mislead based on his incomplete disclosure. In *Seymour*, the supreme court held that a court may not presume or infer intent to deceive or mislead based solely on a plaintiff's complete failure to disclose. *Id.* ¶ 63 ("we find the failure to disclose the personal injury action insufficient, in itself, to warrant application of judicial estoppel"). Similarly, we determine that the fact that plaintiff in this case had a legal duty to disclose more information about this suit and failed to do so "does not, given the facts of this case, establish the intent to deceive and/or manipulate the bankruptcy court." *Id.* ¶ 64. To be clear, we do not condone plaintiff's failure to disclose additional information to the bankruptcy court. However, the trial court erred by inferring, based solely on this failure, that plaintiff intended to deceive or mislead the bankruptcy court. Accordingly, we determine that the application of judicial estoppel was not warranted here.

¶ 32 Finally, defendant argues that we may affirm the trial court's summary judgment based on its alternative argument that plaintiff lacks standing to pursue this claim because the claim is part of the bankruptcy estate and, therefore, only the bankruptcy trustee has standing. Although the trial court did not base its judgment on this argument, we address the argument because we may affirm on any basis supported by the record whether or not the trial court relied on that basis. See *Miller v. Lawrence*, 2016 IL App (1st) 142051, ¶ 22.

¶ 33 Standing is established simply by demonstrating some injury to a legally cognizable interest. *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 419 (2005). The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262 (2004). A plaintiff need not allege facts establishing standing. *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 745 (2009). Rather, lack of standing is an affirmative defense, and the burden of pleading and proving the defense is on the party asserting it. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010).

¶ 34 Generally, "[o]nce a debtor files for bankruptcy, any unliquidated lawsuits become part of the bankruptcy estate, and, even if such claims are scheduled, a debtor is divested of standing to pursue them upon filing his petition." *Dailey v. Smith*, 292 Ill. App. 3d 22, 25 (1997). However, where a debtor shows that due to a lawsuit or claim he has a reasonable possibility of a surplus after satisfying all debts, the debtor has shown a pecuniary interest and therefore has standing. *In re Andreuccetti*, 975 F.2d 413, 417 (7th Cir. 1992). In addition, where a debtor is entitled to exempt part of a claim, he has an interest in the litigation and therefore has standing. *In re Polis*, 217 F.3d 899, 904 (7th Cir. 2000).

¶ 35 Here, the assets of plaintiff's estate consisted of $196,250 in nonexempt property, and the liabilities of the estate consisted of $306,301 ($121,657 of unsecured claims and $184,644 of secured claims). Plaintiff's complaint against defendant seeks in excess of $50,000 for each of three counts. If plaintiff and/or the trustee on behalf of the estate is completely successful in the action against defendant, there will be a surplus for plaintiff. Further, plaintiff exempted $15,000 of this claim pursuant to section 12-1001(h)(4) of the Code. Thus, plaintiff possesses a legally cognizable interest in the exempt portion and the potential surplus and, therefore, has standing, along with the trustee. See *id.*; *Andreuccetti*, 975 F.2d at 417.

¶ 36                                  III. CONCLUSION

¶ 37 For the reasons stated, we reverse the judgment of the circuit court of McHenry County, which granted defendant summary judgment based on judicial estoppel, and we remand the case for further proceedings. We order the clerk of this court to serve a copy of this opinion personally upon the successor trustee in bankruptcy.

¶ 38 Reversed and remanded.